RECEIPT NUMBER

*513968*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

*104 Pgs.*
*attach A - B.*

ROSA PARKS, an individual, Plaintiff,

v.

NOISIVISION, LAFACE RECORDS, ARISTA RECORDS, INC., BMG MUSIC d.b.a. BMG ENTERTAINMENT, CHRYSALIS MUSIC, GNAT BOOTY MUSIC, FM ROCKS FILMS, INC., BRADDON MENDELSON, GREGORY DARK a.k.a. GREGG BROWN, KENNY B. EDMONDS, ANTONIO M. REID, JASON LITTLEJOHN, BORDERS GROUP, INC., BARNES AND NOBLE and JOHN DOES, AGENTS, and ATTORNEYS, jointly and severally, Defendants.

JUDGE : Borman, Paul D.
DECK : S. Division Civil Deck
DATE : 09/20/2004 @ 15:31:16
CASE NUMBER : 2:04CV73653
REM PARKS V. NOISIVISION (KC)

Case No. 04-425906 CZ
Hon. Susan D. Borman
(in the Circuit Court of Wayne County)

MAGISTRATE JUDGE SCHEER

Gregory J. Reed (P24750)
GREGORY J. REED & ASSOCIATES, P.C.
1201 Bagley
Detroit, Michigan 48226
(313) 961-3580

Willie Gary
GARY, WILLIAMS, PARENTI, FINNEY, LEWIS, McMANUS, WATSON, & SPERANDO, P.L.
Waterside Professional Bldg.
221 E. Osceola Street
Stuart, Florida 34994
(772) 283-8260

Johnnie L. Cochran, Jr.
COCHRAN, CHERRY, GIVENS & SMITH, P.C.
4929 Wilshire Blvd.
Los Angeles, California 90010
(323) 931-6200

Clarence B. Tucker Jr. (P40703)
TUCKER & HUGHES, PLLC
615 Griswold, Suite 920
Detroit, Michigan 48226
(313) 230-7892

*Attorneys for Plaintiff*

Joseph M. Beck (admitted, E.D. Mich.)
Christopher J. Kellner (admitted, E.D. Mich.)
Carrie A. Johnson (admitted, E.D. Mich.)
KILPATRICK STOCKTON LLP
Suite 2800
1100 Peachtree Street
Atlanta, Georgia 30309
(404) 815-6406

W. Mack Faison
Freeman L. Farrow
MILLER, CANFIELD, PADDOCK, & STONE
150 West Jefferson
Suite 2500
Detroit, Michigan 48226-4415
(313) 963-6420

*Attorneys for Defendants, LaFace Records, Arista Records, Inc., BMG Music d.b.a. BMG Entertainment, Chrysalis Music, GNAT Booty Music, and Antonio M. Reid.*

## NOTICE OF REMOVAL OF BMG MUSIC d.b.a BMG ENTERTAINMENT

**To:**   The Honorable Judges of the Eastern District of Michigan;

**and Plaintiff's counsel:**

Gregory J. Reed (P24750)
GREGORY J. REED & ASSOCIATES, P.C.
1201 Bagley
Detroit, Michigan 48226

Clarence B. Tucker Jr. (P40703)
TUCKER & HUGHES, PLLC
615 Griswold, Suite 920
Detroit, Michigan 48226

Johnnie L. Cochran, Jr.
COCHRAN, CHERRY, GIVENS &
SMITH, P.C.
4929 Wilshire Blvd.
Los Angeles, California 90010

Willie Gary
GARY, WILLIAMS, PARENTI, FINNEY, LEWIS,
McMANUS, WATSON, & SPERANDO, P.L.
Waterside Professional Bldg.
221 E. Osceola Street
Stuart, Florida 34994

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant BMG Music d.b.a. BMG

Entertainment, by and through their counsel Kilpatrick Stockton LLP, give notice of removal of

this action to the United States District Court for the Eastern District of Michigan, Southern

Division, and in support thereof, states as follows:

1.   On or about August 19, 2004 a lawsuit was commenced in the Circuit Court for the

County of Wayne, State of Michigan, bearing Case No. 04-425906 CZ in which the above-

named Rosa Parks is the Plaintiff and Noisivision, LaFace Records, Arista Records, Inc., BMG

Music d.b.a. BMG Entertainment, Chrysalis Music, Gnat Booty Music, FM Rocks Films, Inc.,

Braddon Mendelson, Gregory Dark a.k.a. Gregg Brown, Kenny B. Edmonds, Antonio M. Reid,

Jason Littlejohn, Borders Group, Inc., Barnes and Noble, and John Does, Agents, and Attorneys

are the Defendants.

2.   On September 9, 2004, a Summons and Complaint were received by Defendant BMG

Music d.b.a. BMG Entertainment.

3.   The above-described suit is a civil suit wherein Plaintiff alleges that Defendants

violated Mrs. Parks' right of publicity, make a false endorsement, subjected her to unfair

1

competition, unjust enrichment, negligence, and conspiracy.  Plaintiff also requests an
accounting and injunctive relief.

4.  The Complaint alleges in excess of $1.5 billion dollars of economic damages and
seeks $3.5 billion dollars of punitive damages, an amount in controversy exceeding $75,000.00,
exclusive of interest and costs.

5.  Petitioner shows that this action involves a controversy between citizens of different
states as follows:

a.  Petitioner alleges that any Defendant identified in the Complaint as a
Michigan resident has not been a resident of the State of Michigan from
the time of the commencement of this action through the present; or any
such Defendant was fraudulently joined by Plaintiff's counsel to defeat
diversity jurisdiction.

b.  Upon information and belief Plaintiff Rosa Parks is now, and was at the
time of the commencement of this action, a citizen and resident of the
State of Michigan.

c.  Defendant Noisivision, from the time of the commencement of this action
through the present has been and is a corporation duly created and
organized by and under the laws of the State of California, with its
principal place of business in the State of California, and by virtue of said
incorporation and location of its principal place of business was not and is
not a corporation created and organized under the laws of the State of
Michigan, did not and does not have its principal place of business in the

2

State of Michigan, and was not and is not a citizen or resident of the State of Michigan.

d.    Defendant LaFace Records, from the time of the commencement of this action through the present has been and is a joint venture between Arista Ventures, Inc., a Delaware corporation and LaFace Records, Inc., a Georgia corporation, with its principal place of business in the State of Georgia, and by virtue of said organization and location of its principal place of business was not and is not a corporation created and organized under the laws of the State of Michigan, did not and does not have its principal place of business in the State of Michigan, and was not and is not a citizen or resident of the State of Michigan.

e.    Defendant Arista Records, Inc., from the time of the commencement of this action through the present has been and is a corporation duly created and organized by and under the laws of the State of Delaware, with its principal place of business in the State of New York, and by virtue of said incorporation and location of its principal place of business was not and is not a corporation created and organized under the laws of the State of Michigan, did not and does not have its principal place of business in the State of Michigan, and was not and is not a citizen or resident of the State of Michigan.

f.    Defendant BMG Music d.b.a BMG Entertainment, from the time of the commencement of this action through the present has been and is a New York General Partnership duly created and organized by and under the

3

laws of the State of New York, with its principal place of business in the State of New York, and by virtue of said partnership and location of its principal place of business was not and is not a corporation created and organized under the laws of the State of Michigan, did not and does not have its principal place of business in the State of Michigan, and was not and is not a citizen or resident of the State of Michigan.

g.  Defendant Chrysalis Music, whose proper name is Chrysalis Music Group Inc. d.b.a. Chrysalis Music from the time of the commencement of this action through the present has been and is a corporation duly created and organized by and under the laws of the State of California, with its principal place of business in the State of California, and by virtue of said incorporation and location of its principal place of business was not and is not a corporation created and organized under the laws of the State of Michigan, did not and does not have its principal place of business in the State of Michigan, and was not and is not a citizen or resident of the State of Michigan.

h.  Defendant Gnat Booty Music, from the time of the commencement of this action through the present, was not and is not created or organized under the laws of the State of Michigan, did not and does not have its principal place of business in the State of Michigan, and was not and is not a citizen or resident of the State of Michigan.

i.  Defendant FM Rocks Films, Inc., from the time of the commencement of this action through the present has been and is a corporation duly created

4

and organized by and under the laws of the State of California, with its principal place of business in the State of California, and by virtue of said incorporation and location of its principal place of business was not and is not a corporation created and organized under the laws of the State of Michigan, did not and does not have its principal place of business in the State of Michigan, and was not and is not a citizen or resident of the State of Michigan.

j.     Defendant Braddon Mendelson, an individual, is now, and was at the time of the commencement of this action, a citizen and resident of the State of California.

k.     Defendant Gregory Dark a.k.a. Gregg Brown, an individual, is now, and was at the time of the commencement of this action, a citizen and resident of the State of California.

l.     Defendant Kenny B. Edmonds, an individual, is now, and was at the time of the commencement of this action, a citizen and resident of the State of California.

m.    Defendant Antonio M. Reid, an individual, is now, and was at the time of the commencement of this action, a citizen and resident of the State of New York.

n.     On information and belief, Defendant Jason Littlejohn, whose correct name is Jasper Littlejohn, an individual, is now, and was at the time of the commencement of this action, a citizen and resident of the State of California, not a resident of Detroit, Michigan as the Complaint alleges.

o. Defendant Barnes & Noble, from the time of the commencement of this action through the present has been and is a corporation duly created and organized by and under the laws of the State of New York, with its principal place of business in the State of New York, and by virtue of said incorporation and location of its principal place of business was not and is not a corporation created and organized under the laws of the State of Michigan, did not and does not have its principal place of business in the State of Michigan, and was not and is not a citizen or resident of the State of Michigan.

p. Defendant Borders Group, Inc., from the time of the commencement of this action through the present has been and is a corporation duly created and organized by and under the laws of the State of Delaware, with its principal place of business in the State of Michigan. Petitioner alleges that Defendant Borders Group, Inc. was fraudulently joined by Plaintiff's counsel to defeat diversity jurisdiction. Thus, the citizenship of Defendant Borders Group, Inc. should be disregarded for the purpose of determining whether complete diversity exists between the parties.

6. Because there is complete diversity between the parties, this action is one over which District Courts of the United States are given original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and is, therefore, removable pursuant to 28 U.S.C. § 1441(a) and (b).

7. Petitioner shows that the Complaint includes counts that arise under federal law as follows:

a.    The Complaint alleges a claim that arises under the Federal Trademark Act, 15 U.S.C. §§ 1051 et. seq.; and / or

b.    The Complaint alleges claims that contain as a necessary element resolution of a substantial, disputed federal question.

8.    Because the Complaint alleges issues that arise under federal law, this action is one over which District Courts of the United States are given original jurisdiction pursuant to 28 U.S.C. § 1331 and is, therefore, removable pursuant to 28 U.S.C. § 1441(a) and (b).

9.    Pursuant to 28 U.S.C. § 1446(b) this notice is timely filed in this Court within thirty (30) days of service of the Complaint on Defendant BMG Music d.b.a. BMG Entertainment.

10. Defendant BMG Music d.b.a. BMG Entertainment further shows that Defendants Noisivision, LaFace Records, Arista Records, Inc., Chrysalis Music, Gnat Booty Music, FM Rocks Films, Inc., Braddon Mendelson, and Antonio M. Reid consent to this removal.  (See Attachment A.)  On information and belief,  Defendants Kenny B. Edmonds, Borders Group, Inc., Barnes & Noble, Jason Littlejohn, and Gregory Dark were not properly joined and served. Thus, their consent to removal is not necessary.

11. Written notice of the filing of this *Notice of Removal by Defendant BMG Music d.b.a. BMG Entertainment* will be given to the adverse party as required by law.

12. A true and correct copy of this petition will be filed with the Clerk of the Circuit Court of Wayne County, Michigan, as provided by law.

13. There is filed herewith, and by reference made a part hereof, a true and correct copy of all process, pleadings, and orders served upon Defendants in this action.  (Attachment B.)

WHEREFORE, Defendant BMG Music d.b.a. BMG Entertainment respectfully prays

that this Notice may effect the removal of this action from the Circuit Court of the County of

Wayne, Michigan, to this Court.

Respectfully submitted,

Date:  September 20, 2004.

By: *Jonathan W. Forster* PC3899
*for*
*Freeman*
*L. Farrow*
*P57183*

Joseph M. Beck (admitted, E.D. Mich.)
Christopher J. Kellner (admitted, E.D. Mich.)
Carrie A. Johnson (admitted, E.D. Mich.)
KILPATRICK STOCKTON LLP
Suite 2800, 1100 Peachtree Street
Atlanta, Georgia 30309
(404) 815-6406

W. Mack Faison
Freeman L. Farrow
MILLER, CANFIELD, PADDOCK, & STONE
150 West Jefferson, Suite 2500
Detroit, Michigan  48226-4415
(313) 963-6420

*Attorneys for Defendants LaFace Records, Arista Records,*
*Inc., BMG Music d.b.a. BMG Entertainment, Chrysalis*
*Music, GNAT Booty Music,  and Antonio M. Reid.*



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSA PARKS, an individual, Plaintiff,

v.                                               Case No. _____

NOISIVISION, LAFACE RECORDS, ARISTA
RECORDS, INC., BMG MUSIC d.b.a. BMG
ENTERTAINMENT, CHRYSALIS MUSIC, GNAT
BOOTY MUSIC, FM ROCKS FILMS, INC.,
BRADDON MENDLESON, GREGORY DARK
a.k.a. GREGG BROWN, KENNY B. EDMONDS,
ANTONIO M. REID, JASON LITTLEJOHN,
BORDERES GROUP, INC., BARNES AND
NOBLE and JOHN DOES, AGENTS, and
ATTORNEYS, jointly and severally, Defendants.

Gregory J. Reed (P24750)
GREGORY J. REED & ASSOCIATES, P.C.
1201 Bagley
Detroit, Michigan 48226
(313) 961-3580

Willie Gary
GARY, WILLIAMS, PARENTI, FINNEY,
LEWIS, McMANUS, WATSON, & SPERANDO,
P.L.
Waterside Professional Bldg.
221 E. Osceola Street
Stuart, Florida 34994
(772) 283-8260

Johnnie L. Cochran, Jr.
COCHRAN, CHERRY, GIVENS & SMITH, P.C.
4929 Wilshire Blvd.
Los Angeles, California 90010
(323) 931-6200

Clarence B. Tucker Jr. (P40703)
TUCKER & HUGHES, PLLC
615 Griswold, Suite 920
Detroit, Michigan 48226
(313) 230-7892

*Attorneys for Plaintiff*

Joseph M. Beck (admitted, E.D. Mich.)
Christopher J. Kellner (admitted, E.D. Mich.)
Carrie A. Johnson (admitted, E.D. Mich.)
KILPATRICK STOCKTON LLP
Suite 2800
1100 Peachtree Street
Atlanta, Georgia 30309
(404) 815-6406

W. Mack Faison
Freeman L. Farrow
MILLER, CANFIELD, PADDOCK, & STONE
150 West Jefferson
Suite 2500
Detroit, Michigan 48226-4415
(313) 963-6420

*Attorneys for Defendants Noisivision, LaFace
Records, Arista Records, Inc., BMG Entertainment,
Chrysalis Music, GNAT Booty Music, FM Rocks
Films, Inc. Braddon Mendleson, and Antonio M.
Reid.*

## CONSENT TO REMOVAL BY DEFENDANT GNAT BOOTY MUSIC

Without waiving any of its defenses or any other rights, Defendant Gnat Booty Music, by and through its counsel, hereby joins in and consents to the removal of this action from the Circuit Court of the State of Michigan, County of Wayne to this Court via the contemporaneously filed *Notice of Removal by Defendant BMG Music, d.b.a. BMG Entertainment.*

Respectfully submitted,

Date: September 16, 2004.        By: _____

Michael Guido, Esq.
CARROLL, GUIDO, AND GROFFMAN
660 Madison Avenue, 10th Floor
New York, New York  10021

*Counsel for Defendant Gnat Booty Music*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSA PARKS, an individual, Plaintiff,

v.                                          Case No. _____

NOISIVISION, LAFACE RECORDS, ARISTA
RECORDS, INC., BMG MUSIC d.b.a. BMG
ENTERTAINMENT, CHRYSALIS MUSIC, GNAT
BOOTY MUSIC, FM ROCKS FILMS, INC.,
BRADDON MENDELSON, GREGORY DARK
a.k.a. GREGG BROWN, KENNY B. EDMONDS,
ANTONIO M. REID, JASON LITTLEJOHN,
BORDERES GROUP, INC., BARNES AND
NOBLE and JOHN DOES, AGENTS, and
ATTORNEYS, jointly and severally, Defendants.

---

Gregory J. Reed (P24750)
GREGORY J. REED & ASSOCIATES, P.C.
1201 Bagley
Detroit, Michigan 48226
(313) 961-3580

Willie Gary
GARY, WILLIAMS, PARENTI, FINNEY,
LEWIS, McMANUS, WATSON, & SPERANDO,
P.L.
Waterside Professional Bldg.
221 E. Osceola Street
Stuart, Florida 34994
(772) 283-8260

Johnnie L. Cochran, Jr.
COCHRAN, CHERRY, GIVENS & SMITH, P.C.
4929 Wilshire Blvd.
Los Angeles, California 90010
(323) 931-6200

Clarence B. Tucker Jr. (P40703)
TUCKER & HUGHES, PLLC
615 Griswold, Suite 920
Detroit, Michigan 48226
(313) 230-7892

*Attorneys for Plaintiff*

Joseph M. Beck (admitted, E.D. Mich.)
Christopher J. Kellner (admitted, E.D. Mich.)
Carrie A. Johnson (admitted, E.D. Mich.)
KILPATRICK STOCKTON LLP
Suite 2800
1100 Peachtree Street
Atlanta, Georgia 30309
(404) 815-6406

W. Mack Faison
Freeman L. Farrow
MILLER, CANFIELD, PADDOCK, & STONE
150 West Jefferson
Suite 2500
Detroit, Michigan  48226-4415
(313) 963-6420

*Attorneys for Defendants Noisivision, LaFace
Records, Arista Records, Inc., BMG Entertainment,
Chrysalis Music, GNAT Booty Music, FM Rocks
Films, Inc. Braddon Mendelson, and Antonio M.
Reid.*

## CONSENT TO REMOVAL BY DEFENDANT FM ROCKS FILMS, INC.

Without waiving any of its defenses or any other rights, defendant Fm Rocks Films, Inc., by and through its counsel, hereby joins in and consents to the removal of this action from the Circuit Court of the State of Michigan, County of Wayne to this Court via the contemporaneously filed *Notice of Removal by Defendant BMG Music, d.b.a. BMG Entertainment.*

Respectfully submitted,

Date: September ____, 2004.

By: _____

Richard E. Posell, Esq.
GREENBERG GLUSKER
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067

Herschel P. Fink, Esq.
HONIGMAN MILLER SCHWARTZ & COHN LLP
2290 First National Building
660 Woodward Avenue
Detroit, Michigan 48226-3583

*Counsel for Defendant FM Rocks Films, Inc.*

ATLLIB01 1814744.1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSA PARKS, an individual, Plaintiff,

v.

Case No. _____

NOISIVISION, LAFACE RECORDS, ARISTA
RECORDS, INC., BMG MUSIC d.b.a. BMG
ENTERTAINMENT, CHRYSALIS MUSIC, GNAT
BOOTY MUSIC, FM ROCKS FILMS, INC.,
BRADDON MENDELSON, GREGORY DARK
a.k.a. GREGG BROWN, KENNY B. EDMONDS,
ANTONIO M. REID, JASON LITTLEJOHN,
BORDERES GROUP, INC., BARNES AND
NOBLE and JOHN DOES, AGENTS, and
ATTORNEYS, jointly and severally, Defendants.

| | |
|---|---|
| Gregory J. Reed (P24750)<br>GREGORY J. REED & ASSOCIATES, P.C.<br>1201 Bagley<br>Detroit, Michigan 48226<br>(313) 961-3580 | Joseph M. Beck (admitted, E.D. Mich.)<br>Christopher J. Kellner (admitted, E.D. Mich.)<br>Carrie A. Johnson (admitted, E.D. Mich.)<br>KILPATRICK STOCKTON LLP<br>Suite 2800<br>1100 Peachtree Street<br>Atlanta, Georgia 30309<br>(404) 815-6406 |
| Willie Gary<br>GARY, WILLIAMS, PARENTI, FINNEY,<br>LEWIS, McMANUS, WATSON, & SPERANDO,<br>P.L.<br>Waterside Professional Bldg.<br>221 E. Osceola Street<br>Stuart, Florida 34994<br>(772) 283-8260 | W. Mack Faison<br>Freeman L. Farrow<br>MILLER, CANFIELD, PADDOCK, & STONE<br>150 West Jefferson<br>Suite 2500<br>Detroit, Michigan 48226-4415<br>(313) 963-6420 |
| Johnnie L. Cochran, Jr.<br>COCHRAN, CHERRY, GIVENS & SMITH, P.C.<br>4929 Wilshire Blvd.<br>Los Angeles, California 90010<br>(323) 931-6200 | *Attorneys for Defendants Noisivision, LaFace Records, Arista Records, Inc., BMG Entertainment, Chrysalis Music, GNAT Booty Music, FM Rocks Films, Inc. Braddon Mendelson, and Antonio M. Reid.* |
| Clarence B. Tucker Jr. (P40703)<br>TUCKER & HUGHES, PLLC<br>615 Griswold, Suite 920<br>Detroit, Michigan 48226<br>(313) 230-7892 | |

*Attorneys for Plaintiff*

## CONSENT TO REMOVAL BY DEFENDANT CHRYSALIS MUSIC

Without waiving any of its defenses or any other rights, defendant Chrysalis Music, by and through its counsel, hereby joins in and consents to the removal of this action from the Circuit Court of the State of Michigan, County of Wayne to this Court via the contemporaneously filed *Notice of Removal by Defendant BMG Music d.b.a. BMG Entertainment.*

Respectfully submitted,

Date: September __15__, 2004.

By: _____

Jeffrey Brabec, Esq.
Vice President Business Affairs
Chrysalis Music Group, Inc.
Los Angeles, California  90069

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSA PARKS, an individual, Plaintiff,

v.

Case No. _____

NOISIVISION, LAFACE RECORDS, ARISTA
RECORDS, INC., BMG MUSIC d.b.a. BMG
ENTERTAINMENT, CHRYSALIS MUSIC, GNAT
BOOTY MUSIC, FM ROCKS FILMS, INC.,
BRADDON MENDLESON, GREGORY DARK
a.k.a. GREGG BROWN, KENNY B. EDMONDS,
ANTONIO M. REID, JASON LITTLEJOHN,
BORDERES GROUP, INC., BARNES AND
NOBLE and JOHN DOES, AGENTS, and
ATTORNEYS, jointly and severally, Defendants.

| | |
|---|---|
| Gregory J. Reed (P24750)<br>GREGORY J. REED & ASSOCIATES, P.C.<br>1201 Bagley<br>Detroit, Michigan 48226<br>(313) 961-3580 | Joseph M. Beck (admitted, E.D. Mich.)<br>Christopher J. Kellner (admitted, E.D. Mich.)<br>Carrie A. Johnson (admitted, E.D. Mich.)<br>KILPATRICK STOCKTON LLP<br>Suite 2800<br>1100 Peachtree Street<br>Atlanta, Georgia 30309<br>(404) 815-6406 |
| Willie Gary<br>GARY, WILLIAMS, PARENTI, FINNEY,<br>LEWIS, McMANUS, WATSON, & SPERANDO,<br>P.L.<br>Waterside Professional Bldg.<br>221 E. Osceola Street<br>Stuart, Florida 34994<br>(772) 283-8260 | W. Mack Faison<br>Freeman L. Farrow<br>MILLER, CANFIELD, PADDOCK, & STONE<br>150 West Jefferson<br>Suite 2500<br>Detroit, Michigan 48226-4415<br>(313) 963-6420 |
| Johnnie L. Cochran, Jr.<br>COCHRAN, CHERRY, GIVENS & SMITH, P.C.<br>4929 Wilshire Blvd.<br>Los Angeles, California 90010<br>(323) 931-6200 | *Attorneys for Defendants LaFace Records, Arista*<br>*Records, Inc., BMG Entertainment, Chrysalis*<br>*Music, GNAT Booty Music, and Antonio M. Reid.* |
| Clarence B. Tucker Jr. (P40703)<br>TUCKER & HUGHES, PLLC<br>615 Griswold, Suite 920<br>Detroit, Michigan 48226<br>(313) 230-7892 | |

*Attorneys for Plaintiff*

**CONSENT TO REMOVAL BY DEFENDANT ANTONIO M. REID**

Without waiving any of his defenses or any other rights, Defendant Antonio M. Reid, by and through his counsel, hereby joins in and consents to the removal of this action from the Circuit Court of the State of Michigan, County of Wayne to this Court via the contemporaneously filed *Notice of Removal by Defendant BMG Music, d.b.a. BMG Entertainment.*

Respectfully submitted,

Date:  September 20th, 2004.     By:  *Carrie A. Johnson*
                          Joseph M. Beck (admitted, E.D. Mich.)
                          Christopher J. Kellner (admitted, E.D. Mich.)
                          Carrie A. Johnson (admitted, E.D. Mich.)
                          KILPATRICK STOCKTON LLP
                          Suite 2800, 1100 Peachtree Street
                          Atlanta, Georgia 30309
                          (404) 815-6406

                          *Counsel for Defendant Antonio M. Reid*

ATLLIB01 1814959.1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSA PARKS, an individual, Plaintiff,

v.                                                          Case No. _____

NOISIVISION, LAFACE RECORDS, ARISTA
RECORDS, INC., BMG MUSIC d.b.a. BMG
ENTERTAINMENT, CHRYSALIS MUSIC, GNAT
BOOTY MUSIC, FM ROCKS FILMS, INC.,
BRADDON MENDELSON, GREGORY DARK
a.k.a. GREGG BROWN, KENNY B. EDMONDS,
ANTONIO M. REID, JASON LITTLEJOHN,
BORDERES GROUP, INC., BARNES AND
NOBLE and JOHN DOES, AGENTS, and
ATTORNEYS, jointly and severally, Defendants.

Gregory J. Reed (P24750)
GREGORY J. REED & ASSOCIATES, P.C.
1201 Bagley
Detroit, Michigan 48226
(313) 961-3580

Willie Gary
GARY, WILLIAMS, PARENTI, FINNEY,
LEWIS, McMANUS, WATSON, & SPERANDO,
P.L.
Waterside Professional Bldg.
221 E. Osceola Street
Stuart, Florida 34994
(772) 283-8260

Johnnie L. Cochran, Jr.
COCHRAN, CHERRY, GIVENS & SMITH, P.C.
4929 Wilshire Blvd.
Los Angeles, California 90010
(323) 931-6200

Clarence B. Tucker Jr. (P40703)
TUCKER & HUGHES, PLLC
615 Griswold, Suite 920
Detroit, Michigan 48226
(313) 230-7892

*Attorneys for Plaintiff*

Joseph M. Beck (admitted, E.D. Mich.)
Christopher J. Kellner (admitted, E.D. Mich.)
Carrie A. Johnson (admitted, E.D. Mich.)
KILPATRICK STOCKTON LLP
Suite 2800
1100 Peachtree Street
Atlanta, Georgia 30309
(404) 815-6406

W. Mack Faison
Freeman L. Farrow
MILLER, CANFIELD, PADDOCK, & STONE
150 West Jefferson
Suite 2500
Detroit, Michigan 48226-4415
(313) 963-6420

*Attorneys for Defendants LaFace Records, Arista
Records, Inc., BMG Music d.b.a. BMG
Entertainment, Chrysalis Music, GNAT Booty
Music, and Antonio M. Reid.*

## CONSENT TO REMOVAL BY DEFENDANTS LAFACE RECORDS, ARISTA RECORDS, INC. & BMG MUSIC d.b.a. BMG ENTERTAINMENT

Without waiving any of their defenses or any other rights, Defendants LaFace Records, Arista Records, Inc., & BMG Music by and through their counsel, hereby joins in and consents to the removal of this action from the Circuit Court of the State of Michigan, County of Wayne to this Court via the contemporaneously filed *Notice of Removal by Defendant BMG Music, d.b.a. BMG Entertainment.*

Respectfully submitted,

Date: September 20, 2004.          By: _____

Joseph M. Beck (admitted, E.D. Mich.)
Christopher J. Kellner (admitted, E.D. Mich.)
Carrie A. Johnson (admitted, E.D. Mich.)
KILPATRICK STOCKTON LLP
Suite 2800, 1100 Peachtree Street
Atlanta, Georgia 30309
(404) 815-6406

*Attorneys for Defendants  LaFace Records, Arista Records, Inc., BMG Music d.b.a. Entertainment.*

2

Sep-20-04  10:18am   From-REISSMANN WOLFF ETAL          STV-890-7781       T-890   P.00/08  F-089

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

ROSA PARKS, an individual, Plaintiff,

v.                                                          Case No. _____

NOISIVISION, LAFACE RECORDS, ARISTA
RECORDS, INC., BMG MUSIC d.b.a BMG
ENTERTAINMENT, CHRYSALIS MUSIC, GNAT
BOOTY MUSIC, FM ROCKS FILMS, INC.,
BRADDON MENDELSON, GREGORY DARK
a.k.a. GREGG BROWN, KENNY B. EDMONDS,
ANTONIO M. REID, JASON LITTLEJOHN,
BORDERES GROUP, INC., BARNES AND
NOBLE and JOHN DOES, AGENTS, and
ATTORNEYS, jointly and severally, Defendants.

---

Gregory J. Reed (P24750)
GREGORY J. REED & ASSOCIATES, P.C.
1201 Bagley
Detroit, Michigan 48226
(313) 961-3580

Willie Gary
GARY, WILLIAMS, PARENTI, FINNEY,
LEWIS, McMANUS, WATSON, & SPERANDO,
P.L.
Waterside Professional Bldg.
221 E. Osceola Street
Stuart, Florida 34994
(772) 283-8260

Johnnie L. Cochran, Jr.
COCHRAN, CHERRY, GIVENS & SMITH, P.C.
4929 Wilshire Blvd.
Los Angeles, California 90010
(323) 931-6200

Clarence B. Tucker Jr. (P40703)
TUCKER & HUGHES, PLLC
615 Griswold, Suite 920
Detroit, Michigan 48226
(313) 230-7892

*Attorneys for Plaintiff*

Joseph M. Beck (admitted, E.D. Mich.)
Christopher J. Kellner (admitted, E.D. Mich.)
Carrie A. Johnson (admitted, E.D. Mich.)
KILPATRICK STOCKTON LLP
Suite 2800
1100 Peachtree Street
Atlanta, Georgia 30309
(404) 815-6406

W. Mack Faison
Freeman L. Farrow
MILLER, CANFIELD, PADDOCK, & STONE
150 West Jefferson
Suite 2500
Detroit, Michigan 48226-4415
(313) 963-6420

*Attorneys for Defendants LaFace Records, Arista
Records, Inc., BMG Entertainment, Chrysalis
Music, GNAT Booty Music, and Antonio M. Reid.*

## CONSENT TO REMOVAL BY DEFENDANT BRADDON MENDELSON

ATLLIB01 1814744 1

Without waiving any of his defenses or any other rights, Defendant Braddon Mendelson, by and through his counsel, hereby joins in and consents to the removal of this action from the Circuit Court of the State of Michigan, County of Wayne to this Court via the contemporaneously filed *Notice of Removal by Defendant BMG Music, d.b.a. BMG Entertainment*

Respectfully submitted,

Date: September 20, 2004.

By: _____

Wayne Kazan, Esq.
Jeffrey T. Petersen, Esq.
WEISSMANN WOLFF, BERGMAN, COLEMAN,
GRODIN & EVALL, LLP
9665 Wilshire Boulevard, Suite 900
Beverly Hills, California 90212-2345

*Counsel for Defendant Braddon Mendelson &
Noisivision*

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSA PARKS, an individual, Plaintiff,

v.                                                      Case No. _____

NOISIVISION, LAFACE RECORDS, ARISTA
RECORDS, INC., BMG MUSIC d.b.a. BMG
ENTERTAINMENT, CHRYSALIS MUSIC, GNAT
BOOTY MUSIC, FM ROCKS FILMS, INC.,
BRADDON MENDELSON, GREGORY DARK
a.k.a. GREGG BROWN, KENNY B. EDMONDS,
ANTONIO M. REID, JASON LITTLEJOHN,
BORDERES GROUP, INC., BARNES AND
NOBLE and JOHN DOES, AGENTS, and
ATTORNEYS, jointly and severally, Defendants.

---

Gregory J. Reed (P24750)
GREGORY J. REED & ASSOCIATES, P.C.
1201 Bagley
Detroit, Michigan 48226
(313) 961-3580

Willie Gary
GARY, WILLIAMS, PARENTI, FINNEY,
LEWIS, McMANUS, WATSON, & SPERANDO,
P L
Waterside Professional Bldg.
221 E. Osceola Street
Stuart, Florida 34994
(772) 283-8260

Johnnie L. Cochran, Jr.
COCHRAN, CHERRY, GIVENS & SMITH, P.C.
4929 Wilshire Blvd.
Los Angeles, California 90010
(323) 931-6200

Clarence B. Tucker Jr. (P40703)
TUCKER & HUGHES, PLLC
615 Griswold, Suite 920
Detroit, Michigan 48226
(313) 230-7892

*Attorneys for Plaintiff*

Joseph M. Beck (admitted, E.D. Mich.)
Christopher J. Kellner (admitted, E.D. Mich.)
Carrie A. Johnson (admitted, E.D. Mich.)
KILPATRICK STOCKTON LLP
Suite 2800
1100 Peachtree Street
Atlanta, Georgia 30309
(404) 815-6406

W. Mack Faison
Freeman L. Farrow
MILLER, CANFIELD, PADDOCK, & STONE
150 West Jefferson
Suite 2500
Detroit, Michigan 48226-4415
(313) 963-6420

*Attorneys for Defendants LaFace Records, Arista
Records, Inc., BMG Entertainment, Chrysalis
Music, GNAT Booty Music, and Antonio M. Reid*

## CONSENT TO REMOVAL BY DEFENDANT NOISIVISION

Without waiving any of its defenses or any other rights, Defendant Noisivision, by and through its counsel, hereby joins in and consents to the removal of this action from the Circuit Court of the State of Michigan, County of Wayne to this Court via the contemporaneously filed *Notice of Removal by Defendant BMG Music, d.b.a. BMG Entertainment.*

Respectfully submitted,

Date: September 20, 2004.          By: _____

Wayne Kazan, Esq.
Jeffrey T. Petersen, Esq.
WEISSMANN, WOLFF, BERGMAN, COLEMAN,
GRODIN & EVALL, LLP
9665 Wilshire Boulevard, Suite 900
Beverly Hills, California 90212-2345

*Counsel for Defendants Bruddon Mendelson &*
*Noisivision*

2



STATE OF MICHIGAN
THIRD CIRCUIT COURT



**SUMMONS AND
RETURN OF SERVICE**

CASE NO.

04-425906 CZ   8/19/2004
JDG:SUSAN D BORMAN
PARKS ROSA
vs
NOISIVISION

| COURT | COURT |
|---|---|
| ADDRESS: 2 WOODWARD AVENUE, DETROIT, MICHIGAN 48226 | TELEPHONE NO. (313) 224- 5243 |

THIS CASE ASSIGNED TO JUDGE: SUSAN D BORMAN                    Bar Number: 11016

| PLAINTIFF | DEFENDANT |
|---|---|
| PARKS ROSA                     PL 01   VS   BMG MUSIC | DF 005 |

PLAINTIFF'S ATTORNEY

GREGORY J. REED
(P-24750)
1201 BAGLEY ST
DETROIT, MI  48226-1002
313-961-3580

| CASE FILING FEE | JURY FEE |
|---|---|
| PAID | PAID |

| ISSUED | THIS SUMMONS EXPIRES | DEPUTY COUNTY CLERK |
|---|---|---|
| 08/19/04 | 11/18/04 | PAMELA OLIVER |

*This summons is invalid unless served on or before its expiration date.    Cathy M. Garrett – Wayne County Clerk

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The docket number and assigned judge of the civil/domestic relations action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

The action ☐ remains   ☐ is no longer   pending.

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

_____9-2-04_____
Date

_____
Signature of attorney/plaintiff

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**
If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangement.

FORM NO. WC101
REV. (3-98)   MC 01 (10/97)        **SUMMONS AND RETURN OF SERVICE**        MCR 2.102(B)(11), MCR 2.104, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206 (A)
DEFENDANT

**STATE OF MICHIGAN**
**THIRD CIRCUIT COURT**



**CASE NO.**

# SUMMONS AND
# RETURN OF SERVICE

| COURT | COURT |
|---|---|
| ADDRESS: 2 WOODWARD AVENUE, DETROIT, MICHIGAN 48226 | TELEPHONE NO. (313) 224-5243 |

THIS CASE ASSIGNED TO JUDGE: SUSAN D BORMAN                                Bar Number: 11016

| PLAINTIFF | DEFENDANT |
|---|---|
| PARKS ROSA | PL 01   VS   BMG ENTERTAINMENT                DF 006 |

**PLAINTIFF'S ATTORNEY**

GREGORY J. REED
(P-24750)
1201 BAGLEY ST
DETROIT, MI   48226-1002
313-961-3580

| CASE FILING FEE | JURY FEE |
|---|---|
| PAID | PAID |

| ISSUED | THIS SUMMONS EXPIRES | DEPUTY COUNTY CLERK |
|---|---|---|
| 08/19/04 | 11/18/04 | PAMELA OLIVER |

*This summons is invalid unless served on or before its expiration date.        Cathy M. Garrett – Wayne County Clerk

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The docket number and assigned judge of the civil/domestic relations action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

The action ☐ remains ☐ is no longer   pending.

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

Date  9-2-04                                        Signature of attorney/plaintiff

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**

If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangements.

FORM NO. WC101
REV. (3-98)     MC 01 (10/97)     **SUMMONS AND RETURN OF SERVICE**        MCR 2.102(B)(11), MCR 2.104, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206 (
DEFENDANT

# STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR COUNTY OF WAYNE

ROSA PARKS,

    An Individual,
    Plaintiff,

v.

NOISIVISION, LAFACE RECORDS, ARISTA RECORDS,
INC., BMG MUSIC d.b.a. BMG ENTERTAINMENT,
CHRYSALIS MUSIC, GNAT BOOTY MUSIC, FM ROCKS
FILMS, INC., BRADDON MENDELSON, GREGORY DARK
a.k.a. GREGG BROWN, KENNY B. EDMONDS, ANTONIO M.
REID, JASON LITTLEJOHN, BORDERS GROUP, INC.,
BARNES AND NOBLE and JOHN DOES, AGENTS and ATTORNEYS,

    Jointly and Severally,
    Defendants.

04-425906 CZ   8/19/2004
JDG: SUSAN D BORMAN
PARKS ROSA
VS
NOISIVISION

---

**GREGORY J. REED (P24750)**
**GREGORY J. REED & ASSOCIATES, P.C.**
Attorney for Plaintiff
1201 Bagley
Detroit, Michigan 48226
(313) 961-3580

**WILLIE GARY**
**GARY, WILLIAMS, PARENTI, FINNEY, LEWIS,**
   **MACMANUS, WATSON & SPERANDO, PL**
Co-Counsel for Plaintiff
Waterside Professional Bldg.
221 E. Osceola St.
Stuart, FL. 34994
(772) 283-8260

**JOHNNIE L. COCHRAN, JR.**
**COCHRAN, SHERRY, GIVENS & SMITH, P.C.**
Co-Counsel for Plaintiff
4929 Wilshire Blvd.
Los Angeles, CA 90010
(323) 931-6200

**CLARENCE B. TUCKER, JR. (P40703)**
**TUCKER & HUGHES, PLLC**
Co-Counsel for Plaintiff
Tucker & Hughes, PLLC
615 Griswold, Suite 920
Detroit, MI 48226
(313) 230-7892

---

## COMPLAINT
### INFRINGEMENT OF RIGHT TO PUBLICITY, MISAPPROPRIATION OF NAME, FALSE ENDORSEMENT, UNFAIR COMPETITION, UNJUST ENRICHMENT, NEGLIGENCE, CONSPIRACY, ACCOUNTING AND INJUNCTIVE RELIEF WITH JURY DEMAND
There is no pending or resolved civil action arising out of
the transaction or occurrence in state court alleged in the complaint

Plaintiff Rosa Parks by and through her attorneys and for her complaint against Defendants alleges as follows:

## NATURE OF THE CASE

This is an action for violation of the infringement of right of publicity, misappropriation of name, false endorsement, unfair competition, unjust enrichment negligence, conspiracy, an accounting and injunctive relief arising from the Defendants unauthorized marketing commercial use of Plaintiff's name in connection with an unrelated musical video and recordings. Mrs. Rosa Parks' claims asserted here have never been filed and are independent from any previous filed claims where Defendants have unlawfully used and marketed Parks' name on various items without her consent.

## JURISDICTION AND VENUE

1.     This court has jurisdiction over this action pursuant to  MCLA 600.701(2) and MCLA 600.711 (1) and (3) and because the amount in controversy exceeds Twenty-Five Thousand ($25,000) Dollars.

2.     Venue is proper in the Third Judicial Circuit of Wayne County, Michigan because each of the parties either: (1) reside in Wayne County, Michigan, (2) transacted business in Wayne County Michigan which gives rise to Plaintiff's claims and (3) there is no diversity among the Defendants.

## PARTIES

3.     Plaintiff, Rosa Parks is recognized as an international symbol of freedom, courage, humanity and dignity for nearly a half century. Mrs. Parks is a resident of the City of Detroit, County of Wayne, State of Michigan.

4.     Defendant Noisivision is a production company located in Stevenson Ranch, California that produced the musical video that markets the "Rosa Parks" name on the musical video without her consent.

5.     Defendant LaFace Records, Inc. ("La Face") is a Georgia for profit corporation owned by Defendant BMG Music d.b.a. BMG Entertainment with a principal office at 1540 Broadway, New York, New York. LaFace's artists Andre Benjamin and Antwan Patton professionally known as "Outkast" wrote and recorded the song "Rosa Parks." La Face hired Gregory Dark and Noisivision to create the video to attach Mrs. Rosa Parks' name on the video unrelated to Mrs. Parks' legacy and the Civil Rights Movement.  LaFace released the video and song attaching Parks' name to the product as a single on several independent recordings including "Aquemini," "Big Boi and Dre Present OutKast...", LaFace Records Presents the Platinum Collection, (the "Recordings"), and marketed Rosa Parks' name on television and among consumers and stores produced by Noisivision and directed by Gregory Dark throughout the world.

6.     Defendant Arista Records, Inc., ("Arista") a subsidiary of BMG, is a Delaware for profit corporation with a principal place of business at 6 West 57th Street, New York, NY. Arista manufactured, distributed and marketed "Aquemini" and other recordings and affixing  Rosa Parks' name on the musical video and song unrelated to Mrs. Rosa Parks and using her name on various items and products, e.g. CDs, videos, developed by Defendants Gregory Dark and Noisivision without Mrs. Parks' consent throughout the  world.

7.     Defendant BMG Music d.b.a. BMG Entertainment ("BMG") is a major music distributor worldwide, distributing music for more than 200 music labels. BMG has a principal office located at 1540 Broadway, New York, New York. BMG manufactured, distributed and

marketed Mrs. Rosa Parks' name on lyrics and products unrelated to Mrs. Rosa Parks on the "Rosa Parks" song and various items and products without Mrs. Rosa Parks' consent throughout the world.

8.    Defendant Chrysalis Music ("Chrysalis") is a music publisher and/or publishing administrator with a principal office at 8500 Melrose, Second Floor, Los Angeles, California. Chrysalis is the co-publisher/administrator for OutKasts' lyrics that use Rosa Parks' name in the "Rosa Parks" song and has licensed Rosa Parks' name for multiple usages on various media, sale and broadcast throughout the world.

9.    Defendant Gnat Booty Music ("Gnat") a music  publisher and/or publishing administrator, is a business entity whose formal organization is not currently known, but whose principal place of business is at 8500  Melrose, Second Floor, Los Angeles,  California.  Gnat is the co-publisher/administrator for the OutKast lyrics using Rosa Parks' name on the song and has licensed the song for use, sale and broadcast throughout the world.

10.    Defendant FM Rocks Films, Inc. ("FM Rocks") is a music video production company with a principal office at 1901 Main St., Santa Monica, California. FM Rocks produced the music video directed by the pornographic expert, Gregory Dark, for OutKast using Rosa Parks' name on a product unrelated to Mrs. Rosa Parks which has been marketed without her permission for broadcast and offered for sale throughout the world.

11.    Defendant Braddon Mendelson is the creator of the Rosa Parks video script written and directed by hard core porn expert, Defendant Gregory Dark that was designed to commercially exploit Rosa Parks' name on a video and script unrelated to Mrs. Rosa Parks' legacy and the Civil Rights Movement violating her rights.  The script was unrelated to Mrs.

4

Parks' historic moment in time and contribution admitted by Big Boi of Outkast during his deposition on April 29, 2004. (Exhibit A, pgs 43-45)

12.    Defendant Gregory Dark a.k.a. Gregg Brown is a pornographic film expert and musical video director who directed the "Rosa Parks" music video that markets Mrs. Rosa Parks name located in Los Angeles, California. Defendant Dark is known as the pornographic king who degrades women in hard core media. Mr. Dark assisted with the marketing plan to utilize Rosa Parks' name on products, packages, website, script, etc. unrelated to Mrs. Rosa Parks and in the musical video for La Face Records and its affiliates. (See website talkingblue.com)

13.    Defendant Kenneth B. Edmonds ("Edmonds") and Antonio M. Reid are the co-executive producers of LaFace Records and various albums entitled "Aquemini," "Big Boi and Dre presents OutKast...", LaFace Records Presents The Platinum Collection, and the video that authorized the use of Rosa Parks' name to be affixed on various large and bright graphic forms on the outside and inside of record packages to commercially market and advertise Rosa Parks' name on various musical related items including the video unrelated to Mrs. Rosa Parks without her consent.

14.    Defendant Jason Littlejohn is a resident of the City of Detroit who was involved as a talent in marketing Plaintiff's name on an unauthorized use in a musical video.

15.    Defendant Borders Group, Inc. is a book and record store that operates out of Ann Arbor, Michigan that continuously distributes products of BMG and Defendants with Plaintiff's name on it after it has been notified to cease.

16.    Barnes and Noble is a book and record store that operates in the city of Detroit that continues to distribute and BMG's product with Plaintiff's name on it after they have been notified to cease.

17.    Plaintiff is unaware of all the parties' true names and capacities of the Defendants

sued in this Complaint as JOHN DOES, AGENTS and ATTORNEYS, and therefore sues these

defendants by such fictitious names. Plaintiff will amend this complaint to allege their true

names and capacities when ascertained.

## FACTUAL BACKGROUND

18.    Plaintiff hereby incorporates by reference the above allegations as though fully set

forth herein.

### A.    Market Plan

LaFace Records, BMG and Arista all have creative and marketing control over
Outkast and their artists' product and had a goal to enhance OutKast's image,
popularity and fan base.  The companies' goal was to market OutKast's image
where it had leveled off.  OutKast's members admitted that they were at a pivotal
point in their careers during a party to celebrate the sale of OutKast's 2,000,000
copies of the "Aquemini" album, which used "Rosa Parks" name on their
products without their consent.    The record company executives devised a
marketing plan to exploit Rosa Parks' legacy name as if she endorsed their video,
albums and promotional tools.

### B.    Court of Appeals / Big Boi's Admission

OutKast members, Big Boi a.k.a. Antwan Patton and Andre Benjamin, created
lyrics unrelated to Mrs. Rosa Parks' legacy with the focus on their recording
career. The lyrics are also related to women and profanity.  *The song's content
has no artistic relevancy to Mrs. Parks and is totally disconnected from Mrs.
Parks and the Civil Rights Movement.*  (Exhibit B, pg. 21) However, the song is
titled "Rosa Parks".  The Court of Appeals panel asks why is her name on it?
Was it to trade off her name?  After conducting examination of the witness Big
Boi of OutKast on April 29, 2004, despite what the lawyers and companies stated
the song is, Big Boi truthfully stated and reconfirmed under oath that *the song is
not about Mrs. Parks, it is about them* (Andre 3000 and Big Boi) *along with
other rappers coming back out and all the other rappers get to the back of the
bus*. (Exhibits A, pp.44 lines 15 through 17 and Exhibit B, pg. 21) Big Boi
contradicted the attorneys and the companies' misrepresentations and verified
Parks' theory and the YZ's Unofficial Rap Dictionary.

6

**C.  Payoff - $100 Million Sales Today**

Big Boi/Antwan Patton's admission affirmed Mrs. Parks' legal team theory that the companies unlawfully, outrageously and intentionally advertised and marketed her name out of greed and profit.  Before the company's decision to exploit Parks' name, Outkast had generated 10-15 million dollars in record sales. After using Rosa Parks' name, the record companies generated in excess of $70 million dollars and a Grammy Award, which helped to catapult OutKast's career to a new level.  The record companies and OutKast with its new image, have generated in excess of $100 million dollars in record sales on their last product, "Speakerboxx:" CD, from the Parks' endorsement campaign unlawfully launched.

**D.  Porn King Retained to Exploit Parks' Name**

In furtherance of the marketing ploy, the record companies instructed a producer to devise a script unrelated to Mrs. Rosa Parks and the Civil Rights Movement and for the purpose of marketing Rosa Parks name. The script is attached as Exhibit J.  The companies utilized the state of the art graphics, techniques to take full advantage of Rosa Parks' name at her expense and detriment by hiring a pornographic king film maker, Defendant Gregory Dark.

**E.  Permission Sought After Exploitation**

After taking advantage of Parks' name and her legacy as an afterthought, OutKast representatives sought her permission to use her name in several instances.  The first instance was when OutKast's manager contacted Parks' attorney, Gregory J. Reed, to secure Parks' consent after selling more than one million records.  Parks refused to endorse OutKast or the record.  Thereafter, the manager requested to have Parks to appear at the Detroit Fox Theater to promote and exploit Parks' name.  OutKast's manager contacted the Rosa and Raymond Parks Institute for Self-Development when OutKast was unable to get a favorable response to commercially exploit Parks' name on the recording packages. *Further, the use of Parks' name as a title has no artistic relevancy to Mrs. Parks.* (Exhibit B)  The use does not touch American's freedom of speech expression, but it commercially exploit's Parks' name without the individual's consent, violates the Right of Publicity laws of the United States and its statutes and case laws.

**F.  Outkast as Pawns in Companies Exploitation – Generational Divide**

The record companies exploited Mrs. Rosa Parks and OutKast as pawns to generate in excess of $70,000,000 million dollars by commercially, slyly and surreptitiously stealing Parks' name for its own benefits and greed.  The record companies are using the Willie Lynch theoretical techniques to underhandedly damaged Parks' name.  In furtherance of their greed, it created a generational divide between the young and old and male versus female.

7

G.   **Parks' Damages – Legal / Personal / Business / Funding Sources / Beneficiaries, etc.**

The unlawful use of Parks' name is damaging to her image, legacy, and detrimental to her beneficiaries, charitable relationships. Parks has been damaged as a result of the companies' refusal to cease their techniques in exploiting the naviete of OutKast to promote their marketing campaign to unlawfully market Parks' name.

### FACTUAL ALLEGATIONS

19.   Plaintiff hereby incorporates by reference the above allegations as though fully set forth herein.

20.   For 50 years, Rosa Parks' name, image and likeness have maintained a respectable status. She has received numerous awards, honorary degrees, including U.S. Freedom Award, The Congressional Gold Medal, etc. as a result of her efforts in pioneering the Civil Rights Movement.   She has expanded global and racial harmony among the youth and adults.

21.   During the past 49 years, Mrs. Parks has, on a limited basis, selectively licensed her name, image and likeness for educational and religious purposes and not for commercial or pop culture, hip-hop culture or commodity usages or exploitation. Mrs. Parks collects a license fee to any exception to this customary usage of her persona (name, image and likeness) to enhance her welfare and to further her non-profit and organizational work at the Rosa and Raymond Parks Institute for Self Development to benefit future generations in perpetuity.

22.   Mrs. Parks' representatives police and monitor the use of her name by providing a written clearance for third parties with Mrs. Parks' approval, which created a "proprietary interest" in her name, image and likeness.

23.   Defendants marketed and exploited Mrs. Parks' name without her consent on various products and marketing paraphernalia to consumers out of greed by advertising,

marketing, and trading off Plaintiff's name on record packages and music videos, (Exhibit C) by a worldwide distribution plan.

24. On September 28, 1998, Defendants' released its first marketing campaign on a single song titled "Rosa Parks" and marketed Rosa Parks' name in distinguishable colors larger than the artists' group name on record packages for promotional advertisement purposes. (Exhibit C)

25. The "Aquemini" album was the second campaign tool out of a series of marketing plans released worldwide graphically marketing Rosa Parks' name on a promotional single release, compact discs, cassettes and various marketing materials recorded by the group "OutKast" using lyrics not about Rosa Parks, but marketing her name to draw consumers to their products at Parks' detriment or at any cost.

26. Antwan Patton admitted in his deposition to Mrs. Parks' co-counsel, Richard Manson, that the lyrics to the song "Rosa Parks" are totally unrelated to Rosa Parks. Antwan Patton wrote the hook "Ah ha Hush that fuss Everybody move to the back of the bus." (Exhibit A - Deposition transcript pgs 43-46)

27. Antwan Patton in his deposition stated OutKast had the right to use Parks' name just like magazines can use her name without her consent. Patton did not distinguish the commercial use or exploitation from freedom of speech. (Exhibit A, pp. 74)

28. Antwan Patton knew the likelihood of obtaining authorization in connection with the use of images and likenesses. During his deposition he testified how his present attorney, Michael Guido, pursued others for unauthorized use of OutKast's name, image and likeness on OutKast's DVD Uncovered: The Series- OutKast (Exhibit D and Exhibit A, pgs 64-67.

29.    Defendants prominently displayed Plaintiff's name "Rosa Parks" on advertisements, recording packages and labeled her name on Defendants' CD record packages in bright colors, on its website and script material to enhance the sale of Defendants' products through various distributors and stores in Michigan and the world.  (Exhibits C, E and F)

30.    Defendants promoted Rosa Parks' name on its packages as the first song released from the "Aquemini" album.    The song title "Rosa Parks" was widely recognizable by consumers and the public eye.  Defendants LaFace et. al. unlawfully used similar marketing techniques as in Parks' case when they used the trademark of the Tabasco Company to promote the album "Soul Food" by OutKast's label mates, Goodie Mob without the Tabasco company's approval (Exhibit G, pp.4) and had to address their unlawful acts prior to the Parks incident.

31.    The use of Plaintiff, Rosa Parks' name as the song title helped consumers to remember the song title and enhanced the sales of Defendants' records in Michigan and throughout the world.  Defendants' commercially exploited Rosa Parks' legacy and Plaintiff's name, which contributed to the popularity of the song and its acceptance by consumers and relaunched OutKast's career to a new height in getting OutKast its first Grammy musical award due to the companies' marketing scheme.

32.    "Aquemini" was certified as double platinum by the Recording Industry Association of America on July 2, 1999 certifying that at least 2 million Aquemini albums had been sold, generating at least $31,000,000 in sales by commercially advertising Rosa Parks on their product without her consent. (Exhibit H)  OutKast had never generated sales or sold records at this level until the companies marketed Mrs. Parks' name.  Due to Defendants' tactics in marketing Rosa Parks' name without her consent and creating new consumer fan awareness,

OutKast's next release, Speakerboxx, was able to achieve $100,000,000 (one hundred million) plus in sales.

33.   On or about December 4, 2001, Defendants third marketing scam used Parks' name to release a CD entitled "Big Boi and Dre Presents ... Outkast." (Exhibit E)  The CD advertised Rosa Parks' name prominently featured on the back of the CD.  By March 6, 2002, three months after its release, the CD sold a million units certified by the Recording Industry Association of America (Exhibit I) along with the Aquemini CD with Parks' name on the packages as advertisements without Rosa Parks' consent.  Sales totaled in excess of $46,000,000.

34.   On or about September 28, 1998 and/or March 23, 1999, Defendants wrote a video script and produced a musical video affixing and marketing the "Rosa Parks" name to it *without her consent. Defendants stated as an afterthought* in their website marketing scheme and said " *If possible we will get [consent] the real Rosa Parks to join  the festivities as Big Boi and Dre lead us in the final hook "Ah ha Hush that Fuss Everybody Move to the Back of the Bus" promoted by Noisivision on its website.* (Exhibit J) Defendants displayed and highlighted the Rosa Parks' name in the musical video to market and promote OutKast's lyrics by arranging for the song to be broadcasted on music video television programs throughout the world.

35.   Plaintiff's name, Rosa Parks, again was prominently displayed on the television screen at the beginning and the end of the *musical video that had no artistic relevancy to Parks' legacy* by scriptwriter and director, Defendants Braddon Mendelson and Gregory Dark.

36.   Defendants fourth marketing plan used the "Rosa Parks" name again on the same song  for sale as a part of a CD entitled LaFace Records Presents the Platinum Collection "LaFace Records Presents the Platinium Collection" was released on or about November 14, 2000. (Exhibit F)

37.     Plaintiff's name "Rosa Parks" is prominently featured on the back of the CD and is promoted worldwide.

38.     By Defendants unlawfully using and marketing Rosa Parks' name on Defendants' product created an exceptional and immeasurable value for Defendants to generate millions of dollars by Defendants adding Parks' name to another CD as a part of their market scheme. The Defendants have received in excess of $70 million dollars from various musical licenses and CD sales through their marketing schemes.

39.     On February 9, 1999, after exploiting the use of Parks' name for more than six months, OutKast's representative, Blue, contacted Plaintiff's counsel office on several occasions to secure the use of Plaintiff's name, image and likeness for commercial gain and Mrs. Rosa Parks refused to grant Defendants permission to use her name or image.

40.     Parks' counsel pleaded two months for Defendants to cease and desist their use of her name, but Defendants refused to do so out of greed.

41.     Defendants have severely damaged Mrs. Rosa Parks by their unauthorized acts and refusal to cease from marketing Plaintiff's name.

## COUNT I

### (Infringement of Right of Publicity)

42.     Plaintiffs hereby incorporate by reference the allegations contained in the above paragraphs as though fully set forth herein.

43.     Plaintiff Rosa Parks organized an intellectual property clearance system in 1994, to address and approve worldwide demands for the use of her name, image and likeness to benefit her organization and the future young people of America.

44.     Plaintiff established a proprietary interest in the commercial use of her name, image and likeness such as the likes of Martin Luther King, Jr., Gandhi, Elvis Presley or the Beatles, etc. and has selectively exercised her right to licensed and police third parties from using her name, image and likeness on any unauthorized product titles, labels, audio or visual media etc.

45.     Defendants marketed, advertised and distributed worldwide Plaintiff's name on the following products that have no artistic relevancy to Parks' legacy without her consent.

**Defendants' Products Created and Exploited Rosa Parks' Name:**
a.      Aquemini record (Rosa Parks) issue address in a previously "filed case"
b.      Big Boi's and Dre's present collection (Rosa Parks)
c.      LaFace's present platinum collection (Rosa Parks)
d.      video (Rosa Parks)
e.      single promotions (Rosa Parks)
f.      advertisements (Rosa Parks)
g.      radio marketing (Rosa Parks)
h.      label sticker (Rosa Parks)
i.      numerous licensing arrangements, etc. (60 and more) (Rosa Parks)

46.     In OutKast's deposition of Big Boi a.k.a Antwan Patton on April 29, 2004, OutKast stated the lyrical usage was totally unrelated to Mrs. Rosa Parks' name and there was no need to secure Parks' consent. (Exhibit A pgs. 43-46 and 74 ¶12)

47.     Defendants out of greed and disrespect have unlawfully generated millions of dollars by exploiting Mrs. Rosa Parks' name without her consent on products using language *with no artistic relevancy* and unrelated to her by misappropriating Rosa Parks' name and likeness by commercially selling products.  (Exhibit A, pg 74 ¶12)

48.     Rosa Parks has a commercial interest in her name equivalent to a common law trademark.

49.     Rosa Parks' name is an integral and valuable part of her property rights, history, her persona, and it is her right to approve and control what is legally protected from "unauthorized commercial exploitation".

50.     Mrs. Rosa Parks consistently polices and protects her name from unauthorized usage that is pursued regularly on a daily, weekly and monthly basis by third parties that seek to commercially exploit Mrs. Rosa Parks' persona.

51.     Fortune 500 corporations and commercial seekers that desire to use Rosa Parks' name are aware that their association with Mrs. Rosa Parks' name has market or added value to their products and their association with Parks' name will enhance their product sales or advertisements and are aware that a third party's consent or license must be arranged.

52.     Without Rosa Parks' authorization, Defendants have advertised, traded and released their products with Mrs. Rosa Parks' name on their merchandise and have sold in excess of 5,000,000 (five million) records, singles, albums and videos and an exact amount will be determined through an accounting.

53.     As a result of Defendants' wrongful conduct, Plaintiff Rosa Parks has incurred damages in excess of seven (7) figures.  The exact amount is to be determined.


## COUNT II

### (Misappropriation – False Endorsement)

54.     Plaintiff hereby incorporate by reference the allegations contained above as though fully set forth herein.

55.·    Defendants misappropriately, consistently, prominently and consistently marketed the name "Rosa Parks on their goods, albums, websites, compact discs, cassettes, music videos,

advertisements and other promotional materials in connection with their commercial release of the Rosa Parks CD single (Exhibit C) the "Aquemini" album (Exhibit H), the "Big Boi and Dre Presents... Outkast" album, "(Exhibit E) and LaFace's Present the Platinum collection (Exhibit F).

56.     Defendants misappropriately, prominently and consistently marketed the name "Rosa Parks" on the goods to enter the marketplace of advertising and providing for the sale of the Rosa Parks' product as stated in paragraph 50 above.

57.     Defendants extensively labeled, packaged, advertised its goods through product distributions prominently displaying the name "Rosa Parks" on their goods falsely representing to the general public Rosa Parks' endorsement of their product or being affiliated with Defendants' enterprises.

58.     Defendants are currently and deceptively presenting to the public that Mrs. Rosa Parks has approved or is affiliated and has endorsed their product or goods with her consent. Defendants have mistakenly and likely caused confusion and deception in the marketplace and has misappropriated Plaintiff's name.

59.     The false light representation was material that has caused injury to Plaintiff

60.     Defendants have caused damage to Plaintiff by misappropriating her name in an amount to be determined.

## COUNT III

### (Unfair Competition)

61.     Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs as though fully set forth herein.

62.     Plaintiff, Parks, has selectively and with care, "limited" the use of her name.

63.     Defendants with malice aforethought undermined Mrs. Parks' legacy and underhandedly seek to circumvent Mrs. Parks' rights without obtaining her authorization by Defendants marketing and distributing videos and records. (Exhibit A pp.74 lines 12 through 16)

64.     Defendants' unauthorized use of Mrs. Parks' name has or is likely to cause confusion or deception as to the original source of Plaintiff's proprietary interests, violates MCLA Sec. 429.42.

65.     The public has and/or is likely to believe that Defendants' CD musical recording was endorsed or approved by Plaintiff and is somehow connected with, affiliated or related to Mrs. Parks' and her family.

66.     Defendants' unauthorized use of Mrs. Parks' name, places Mrs. Parks in an unfair and tenuous position before the public to police and regulate the use of her name for the benefit of Plaintiff's legacy and her representative.

67.     Defendants' acts of unfair competition are willful and deliberate and with the intent to reap the benefits of exploiting Mrs. Parks' name, goodwill and contribution to history and violates MCLA. Sec. 429.42.

68.     Defendants' acts have caused Mrs. Parks to suffer irreparable injuries and damages to her legacy and organization, which are not capable of determination or an adequate remedy at law, and unless Defendants are restrained, will cause further irreparable harm and damages to Plaintiff's nonprofit beneficiaries and her legacy.

69.     Defendants have refused to cease exploiting Mrs. Parks' name and seek to continue such acts against Mrs. Parks' interest.  Defendants have caused irreparable injuries to

Mrs. Parks and requests that Defendants be permanently restrained from continuing their course of action.

70.    Mrs. Parks has no adequate remedy at law except through injunctive relief.


## COUNT IV

### (Unjust Enrichment)

71.    Mrs. Rosa Parks hereby incorporates by reference the above allegations as though fully set forth herein.

72.    As a result of Defendants' actions in using Parks' name, they have received musical awards, recognition and accolades, monies, which increased OutKasts' career in popularity, benefits, rewards at Mrs. Parks' expense in marketing Plaintiff's name orally or in print on their merchandise and promotional tools for which Defendants have been unjustifiably enriched at Plaintiff's expense.

73.    *Defendants have in bad faith unjustly enriched themselves jointly and severally to the detriment of Mrs. Parks' welfare and have refused to cease when politely asked.*

74.    It is inequitable for Defendants to retain the benefits that they have received as a result of their unlawful use of Mrs. Parks' name.

75.    There is no express contract between Mrs. Parks' and the Defendants in addressing this situation.

76.    As a result of Defendants' wrongful conduct and bad faith acts, Plaintiff has incurred damages in an amount to be determined.

17

## COUNT V

### (Negligence)

77.     Plaintiff hereby incorporates by reference the above allegations as though fully set forth herein.

78.     Defendants had a legal duty to obtain Plaintiff's consent before using her name to commercially exploit, market, promote her name on their CD, record products, album covers, music videos and other print and audio visual advertisement and promotions to market Rosa Parks' name without her consent on various consumer related items.

79.     Defendants knew as a result of having their artists previously cited or admonished for using the Tobasco Company's name without authorization or should have known of their legal duty to obtain legal permission or clearance from persons as entities in the music business industry that address clearance issues as a part of their ordinary course of business.

80.     Defendants recognized that third parties have a duty to seek clearance or approval from third parties when affixing or using Defendants' names on a product.

81.     Defendants intentionally or with reckless disregard breached their lawful duty in obtaining Plaintiff's authorization using her name to market products for sale and their acts blatantly interferes with Plaintiff's proprietary rights.

82.     After marketing Plaintiff's name for 7 months and selling more than 1,000,000 albums, Defendants contacted Plaintiff to use her name and image but Plaintiff refused to be associated with Defendants.  Their usage was not in sync with Plaintiff's character. Mrs. Rosa Parks did not want to be identified with Defendants' usage of her name on their products that degrade her legacy and women.

83.   Defendants knew prior to their use that Plaintiff had not approved the use of her name nor consented to be a part of Defendants' marketing plan or product for sale or commercial exploitation.

84.   As a result of Defendants' intentional greed, negligence, wrongful and bad faith conduct, Plaintiff has incurred damages to be determined.

## COUNT VI

### (Conspiracy)

85.   Plaintiff hereby incorporates by reference the above allegations as though fully set forth herein.

86.   Defendants through their attorneys, agents, representatives and co-producers knew or had constructive knowledge that clearances was necessary and approval was not provided to Defendants.

87.   Defendants were unable to get Plaintiff's or her agent's participation to be a part of their marketing scheme of the CD recording, video or concert at the Fox Theatre in Detroit.

88.   Defendants' companies, agents, attorneys and John Does conspired against Mrs. Parks' interest and exploited OutKast and Mrs. Rosa Parks.  Their conduct was a direct and proximate result of an intentional fraudulent plan of Defendants' management, attorneys, producers, agents and executives who caused injury to Mrs. Parks intentionally or negligently. Their acts have irretrievably and irreparably damaged Mrs. Parks' legacy, character, societal contributions, name and welfare.

89.   Defendants' conspiratorial plan has immeasurably damaged Mrs. Parks.  Mrs. Parks has and continues to suffer from Defendants' acts and incurring irreparable damages that are unascertainable unless Defendants are enjoined.

19

WHEREFORE, Plaintiff demands judgment and the following relief:

A.      Temporarily and permanently enjoining Defendants, their employees, agents, licensees, attorneys, successors, affiliates, subsidiaries and assigns and all those in active concert and participation with any of the Defendants from infringing, unauthorized and false use of Plaintiff's name or image from unfairly competing with Plaintiff in the use of the name Rosa Parks, and from commercially exploiting the Rosa Parks name specifically by:

   1.      renaming the musical CD recording and using another name to market the lyrics of Defendants' CD.

   2.      impounding or destroying all future CD inventoried or released for sale of the records and videos titled "Rosa Parks"; and

B.      Awarding Plaintiff damages in excess of $1.5 billion dollars out of Defendants' bad faith acts of infringement of right of publicity, misappropriation of Plaintiff's name, unfair competition, unjust enrichment and negligence.

C.      Awarding Plaintiff punitive damage of $3.5 billion dollars due to Defendants unlawful marketing scheme to exploit Plaintiff's name.

D.      Directing Defendants to cease and desist marketing Mrs. Parks' name on recordings, lyrics, CD packages, websites and marketing paraphernalia.

E.      Directing Defendants to file with the court and serve on Mrs. Parks' counsel within 14 days of the judgment a report on writing under oath setting forth in detail, the manner and form in which Defendants have complied with the requirements of the injunction and order.

F.      Give Mrs. Parks an accounting of albums or compact discs and video sales that have been manufactured, inventoried or sold by Defendants marketing Plaintiff's name and paying Plaintiff an excessive license fee for punitive measures and for unauthorized usage and any future release for sale unaccounted for.

G.      Directing any other relief as the Court may deem proper to prevent the public from deriving the erroneous impression that Defendants are associated or connected with Plaintiff.

H.      That Plaintiff recovers her costs and attorney fees incurred in bringing this action since Plaintiff in good faith, amicably sought to resolve this prior to filing the lawsuit and Defendants, in bad faith have delayed or manipulated meetings and misrepresented to Plaintiff repeatedly they were seeking resolution but continued their marketing schemes from 1999 till 2004 to date.

I.      That each Defendant shall be jointly and severally liable for any monetary award to Plaintiff.

J.     That Plaintiff be awarded further relief as the court may deem fair and appropriate.

K.     Plaintiff asserts her right for a jury demand.

DATED: _August 19_, 2004

                                        Respectfully submitted

                                        By _[signature]_
                                           GREGORY J. REED (P24750)
                                           Attorney for Plaintiff
                                           GREGORY J. REED & ASSOCIATES, P.C.
                                           1201 Bagley
                                           Detroit, Michigan  48226
                                           (313) 961-3580

                                           WILLIE GARY
                                           Co-Counsel for Plaintiff
                                           GARY, WILLIAMS, PARENTI, FINNEY,
                                             LEWIS,  MACMANUS, WATSON &
                                             SPERANDO, PL
                                           Waterside Professional Bldg.
                                           221 E. Osceola St.
                                           Stuart, FL. 34994
                                           (772) 283-8260

                                           JOHNNIE L. COCHRAN, JR.
                                           Co-Counsel for Plaintiff
                                           COCHRAN, SHERRY, GIVENS &
                                             SMITH, P.C.
                                           4929 Wilshire Blvd.
                                           Los Angeles, CA 90010
                                           (323) 931-6200

                                           CLARENCE B. TUCKER, JR. (P40703)
                                           Co-Counsel for Plaintiff
                                           TUCKER & HUGHES, PLLC
                                           615 Griswold, Suite 920
                                           Detroit, MI 48226
                                           (313) 230-7892

3C:\Data\Parks\Complaint7-13-04.doc

## EXHIBITS IN SUPPORT OF COMPLAINT FOR INFRINGEMENT OF RIGHT TO PUBLICITY, MISAPPROPRIATION OF NAME, FALSE ENDORSEMENT, UNFAIR COMPETITION, UNJUST ENRICHMENT, NEGLIGENCE, CONSPIRACY, ACCOUNTING AND INJUNCTIVE RELIEF WITH JURY DEMAND

EXHIBIT A  Antwan Patton a/k/a Big Boi Deposition Transcript, pgs. 1, 43-46, 64-67, 74

EXHIBIT B  Court of Appeals Opinion, pg. 21

EXHIBIT C  Cover of the Rosa Parks CD single

EXHIBIT D  Cover of Uncovered: The Series-Outkast

EXHIBIT E  Front and back cover of Big Boi and Dre Presents

EXHIBIT F  LaFace Records Presents Platinum Collection

EXHIBIT G  Article titled Goody M.O.B.: Still Standing

EXHIBIT H  Cover of Aquemini CD

EXHIBIT I  RIAA Certification for Aqemini album

EXHIBIT J  Rosa Parks video script by Gregory Dark

3C:\Data\Parks\Exhibit List to Complaint.doc

# EXHIBIT A